MARTIN et al. v. REID.

(Court of Civil Appeals of Texas. Dallas. Nov. 8, 1913. Rehearing Denied Nov. 29, 1913.)

1. APPEAL AND ERROR (§ 547*)—PRESUMPTIONS —FINDINGS.

A finding of the court, in an action of trespass to try title, that a deed relied upon by defendant was a forgery was conclusive on error as against an objection that it was based on hearsay evidence, where there was no statement of facts in the record.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2427, 2429–2432; Dec. Dig. § 547.*]

2. EVIDENCE (§ 178*)—SECONDARY EVIDENCE— ADMISSIBILITY.

In an action of trespass to try title, secondary evidence of a suit in federal court in which the title of the land in controversy was settled and to which the person, since deceased, under whom defendant claimed was a party, was properly admitted to show that the decedent was a party thereto and lost and disclaimed any interest in the land, where it appeared that the records of such suit had been burned.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 580–594; Dec. Dig. § 178.*]

3. APPEAL AND ERROR (§ 1054*)—HARMLESS ERROR—ADMISSION OF EVIDENCE—TRIAL BY COURT.

Error, if any, in admitting on plaintiff's behalf evidence of a suit partitioning the land in controversy, to which suit defendants' predecessor, since deceased, was not a party, was harmless, in an action of trespass to try title, tried by the court, where the court stated that such evidence was not considered in any way binding on defendants or decedent, but was only considered so far as it tended to prove the fact that there was a former litigation.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4185, 4186; Dec. Dig. § 1054.*]

Error from District Court, Henderson County; B. H. Gardner, Judge.

Action by W. Reid against W. B. Martin and others. Judgment for plaintiff, and defendants bring error. Affirmed.

Morrow & Morrow, of Hillsboro, for plaintiffs in error. Richardson, Watkins & Richardson, of Athens, for defendant in error.

RAINEY, C. J. This is a writ of error from a judgment of the district court of Henderson county, wherein defendant in error in an action of trespass to try title recovered from plaintiffs in error a certain tract

of land out of the Caro league in Henderson county, Tex.

The cause was submitted to the court without a jury, and the judge found the following conclusions of fact, to wit:

"I find that the plaintiff in the case has shown a regular chain of title from the sovereignty of the soil to himself, which is as follows: Patent from the state of Texas to Louis A. Gunst, assignee of Thomas Caro, of date February 2, 1847. To the Thomas Caro league, Louis A. Gunst by will to Rebecca Meyer, wife of Asher T. Meyer, probated in the surrogate court of the city of New York on February 10, 1873, conveying the entire Caro league. Deed by L. J. Phillips and Seigmund Meyer, executors of the will of Louis A. Gunst, to Rebecca Meyer of the date October 15, 1874. League agreement of Asher T. Meyer and wife, Rebecca, to convey to Orlando Dorsey $40/100$ of the Caro league, for its recovery of date February 18, 1876. Judgment of the district court of Henderson county, Tex., directing a partition of the land between the executors of Orlando Dorsey and Asher T. Meyer and wife, Rebecca Meyer, and others giving to Asher T. Meyer and wife the portion of the league in controversy of date April 14, 1882. Deed from Asher T. Meyer and Rebecca Meyer to T. N. Jones, of date October 15, 1902, conveying the land sued for. Deed from T. N. Jones to C. H. Alexander to the land in controversy of date June 17, 1907. C. H. Alexander and wife to the plaintiff, W. Reid, by deed of date June 10, 1908, the same land described in plaintiff's petition.

"Second. I also find that Mrs. Rebecca Meyer was the wife of Asher T. Meyer, and that she was the only child of Louis A. Gunst, and that her mother is also dead.

"Third. I find that defendants introduced in evidence the record of deed of date August 15, 1871, purporting to be a conveyance by Louis A. Gunst to Wm. H. Martin of the entire Thomas Caro league in Henderson county, Tex. There has been filed in the cause an affidavit of forgery attacking said deed in the usual statutory form. The deed recites a consideration of $500 cash paid, and is recorded in Book Q, Deed Records of Henderson county, on December 1, 1871. I find that the acknowledgment of the deed as certified to by the officer taking the same recites that 'on this day personally appeared Louis A. Gunst, a man made known to me.'

"Fourth. I find that the defendants herein are the surviving wife, sons, and daughters of Wm. H. Martin, and that they claim through him and under the deed set out in No.——of the conclusions above.

"Fifth. I find from the testimony of Chas. A. Gunst, John S. Jones, and M. E. Richardson that Maj. W. H. Martin, on or about the year 1876 and afterwards, stated in conversation with them that he had been sued in the federal court at Tyler by Asher T. Meyer and wife, along with other defendants who were claiming said Caro league of land, and that he also stated to them that he permitted judgment to be taken against him, and that he did not set up any further claim to the Thomas Caro league, and I also find from the evidence of John S. Jones, who was a nephew of the said W. H. Martin, that said W. H. Martin consulted with him in regard to said suit pending in the federal court at Tyler, and that he prepared and delivered to Maj. Martin a disclaimer to the land in controversy to be filed in said suit.

"Sixth. I also find that he, W. H. Martin, on or about the said date and afterwards, stated to M. E. Richardson and to Chas. A. Gunst that he had satisfied himself that the deed from Louis A. Gunst to himself was fraudulent, and that he did not claim further under it. That it was procured by one Snively, and that he never saw the party purporting to be Louis A. Gunst, and knew nothing of him, and for that reason permitted judgment to be taken against him.

"Seventh. I find on the office docket of Herndon and Robertson at Tyler, and written in the handwriting of Col. Wm. S. Herndon, the following entry: 'No. 1987. Rebecca Meyer and husband v. Samuel T. Price, James A. Mitcham et al.—Retained by the defendant James A. Mitcham, of Rice, Navarro county, Texas, June, 1876, conditional fee of one-half of land recovered, suit pending in the circuit court of the United States. Case decreed by agreement. Plaintiff takes judgment and pays all costs of suit. November, 1877. Write for $50.00. November 23, '77.'

"Eighth. The plaintiff also introduced in evidence the original statement of facts filed on May 2, 1881, in the case of J. C. Schwing, Administrator of Orlando Dorsey, v. A. T. Meyer et al., for the partition of the Thomas Caro league, which said judgment of partition has been previously mentioned herein, which statement of facts shows that A. T. Meyer and wife brought suit in the federal court of the United States at Tyler, Tex., on or about the year 1876, against various parties, for the possession of the Caro league, and the judgment was rendered for the plaintiff A. T. Meyer and wife against the parties claiming said land, and that the judgment has been since burned.

"I find that W. H. Martin was not a party to the suit for partition in Henderson county, and would be in no way bound by said suit, or anything connected therewith, and that this statement of facts is not admitted nor considered in any way binding on the defendants herein, or W. H. Martin, but was only considered by the court in so far as it might tend to prove that there was some litigation, between the said Meyer and wife and W. H. Martin, on or about said date,

in the federal court at Tyler, but for no other purpose.

"Ninth. I also find that the tax records of Henderson county, Tex., show that the taxes were paid on the lands in controversy, from the year 1880 up to this date, and do not go back of the year 1880, and I find that Asher T. Meyer and wife, Rebecca Meyer, paid the taxes on said land from the year 1880 until the date of sale by Rebecca Meyer and husband to T. N. Jones, and that the taxes later have been paid by T. N. Jones, C. H. Alexander, and the plaintiff herein for the years that the records show it to have been owned by them. I further find that W. H. Martin did not pay any taxes on the said property up to the time of his death in A. D. ———, and that the defendants herein have never paid any taxes on said property.

"Tenth. I further find that certain parties who were occupying and claiming a portion of the Thomas Caro league, to wit, Price, Mayfield, Mrs. Ball, up to the time on which Asher T. Meyer and wife, Rebecca Meyer, are alleged to have sued them in the federal court at Tyler, subsequently purchased the same lands upon which they were living from Asher T. Meyer and wife, and continued to reside upon the same, and have since disposed of them.

"Eleventh. I find that the entire records of the United States federal court, both District and Circuit Court, at Tyler, Tex., were destroyed by fire during the latter part of the year 1877.

"Twelfth. From the foregoing facts relative to the matter of the suit between Asher T. Meyer and wife, Rebecca Meyer, and Maj. W. H. Martin and others, I conclude from all the facts and the circumstances of the case that the preponderance of the evidence establishes that suit was brought by the said Asher T. Meyer and wife in the United States Circuit Court for the Eastern District of Texas, at Tyler, Tex., for the Thomas Caro league in about the year 1876, against W. H. Martin and other defendants, and that the said land was recovered by the plaintiffs, and that a judgment was had against said W. H. Martin for the said Thomas Caro league, and that the papers of the said case, together with all of the records, were subsequently burned and destroyed.

"Thirteenth. On the matter of the issue of whether or not the purported deed from Louis A. Gunst, made August 15, 1871, was genuine or a forgery, I find that the preponderance of evidence shows that Louis A. Gunst was not in the state of Texas during the year of 1871, at the time the deed shows the same to have been acknowledged before a notary public in Bexar county, Tex. I also find that Louis A. Gunst was never a resident of the state of California. I also find that Maj. W. H. Martin stated to various parties, on or about the year 1876 to 1880, that he had examined into the authenticity of the said deed, and that he was satisfied from his examination at the time that the deed was not genuine, and that he did not know himself that Louis A. Gunst made the deed, and had never seen Louis A. Gunst; and I further find that he disclaimed all ownership or title to the lands under said deed, and never did set up any claim to it or have it in his possession up to the date of his death. I also find that the record of the officer taking the acknowledgment to the purported deed did not recite that he knew the party to be Louis A. Gunst, and did not set out that it was Louis A. Gunst, but that the party appearing before him was made known to be Louis A. Gunst. I further find that said land and premises have not, since prior to the year 1880 and up to the time of bringing this suit, been adversely claimed, or held under or by virtue of the said deed so made to Maj. W. H. Martin. And I further find that there is no fact tending to prove the execution of the said deed by Louis A. Gunst save and except such proof as may be afforded by the fact that it was recorded in 1871, and I conclude that the preponderance of the evidence in this case shows that the deed was not genuine, but was in fact a forgery."

The conclusions of law as found by the court are attacked in some particulars as not warranting the findings of fact. There is no statement of facts in the record, and there is no such finding of the court as to the facts as to show that the judgment rendered is contrary to law.

[1] The facts as found by the court showed that the defendant in error, W. Reid, proved a regular chain of title in himself from the sovereignty of the soil. The plaintiffs in error claim title through a deed from one Louis A. Gunst, a common source, but as to this deed the court found it to be a forgery. This deed purported to have been made in San Antonio by one Louis A. Gunst, and which showed that Gunst was a resident of California. The court found that the Louis A. Gunst through whom W. Reid claims title resided in the state of New Jersey; that he never lived in California, nor was he ever in Texas. There was other evidence tending to show that the Gunst deed to plaintiff in error was a forgery. As to this phase of the case there is no attack on the findings of the court, except that the finding as to forgery is based on hearsay evidence. To this we do not concur. There being no statement of facts, the finding of the court on this point will be conclusive. The attack is leveled mainly at the rulings of the court in the admission of certain evidence on another branch of the case, as hereinafter shown.

[2] The defendant in error, not being content in showing title in himself from the sovereignty of the soil and the forgery of the deed from Gunst to W. H. Martin, undertook to show that the matter of title to the land had been settled in a suit in the federal

court at Tyler, Tex., in which W. H. Martin, under whom plaintiff in error claims, was a party thereto. The records of said suit were burned in 1876, and it was necessary to resort to secondary evidence to establish such fact. We think the contention of plaintiff in error as to error in the admission of testimony is not well founded. The evidence was legitimate and sufficient to establish such a suit; that Martin was a party thereto and lost, and from that day until the day of his death disclaimed any interest in the land.

[3] Defendant in error also introduced evidence relative to a suit in Henderson county partitioning the land among several claimants, to which suit W. H. Martin was not a party. The statement of facts in that case was admitted, but the trial court says "that this statement of facts is not admitted, nor considered in any way binding (on) the defendants herein, or W. H. Martin, but was only considered by the court in so far as it might tend to prove that there was some litigation between the said Meyer and wife and W. H. Martin, on or about said date, in the federal court at Tyler, but for no other purpose." Conceding the admission of this evidence was error, the court did not consider it for the purpose of showing title, and its admission was harmless, as the case was tried without a jury.

The judgment is affirmed.